PEOPLE *ex rel.* LAKE, Collector, *v.* HEGEMAN, County Treasurer.

(*Supreme Court, General Term, Second Department.* February 11, 1889.)

1. SCHOOLS AND SCHOOL-DISTRICTS — TAXATION — DELINQUENT LANDS — PAYMENT BY COUNTY TREASURER.
   A county treasurer must pay all school taxes on real estate returned as unpaid, as required by Laws N. Y. 1847, c. 480, §§ 89, 90, as amended by Laws 1864, c. 555, tit. 7, §§ 75-78, and Laws 1883, c. 250, though the collector has failed in his duty to make diligent effort to collect them.

2. SAME—PURCHASE OF LOT—DEFECTIVE TITLE.
   A tax for a new site for a school-house is not illegal because it is afterwards found that good title cannot be conveyed, and the county treasurer cannot for that reason refuse to pay a delinquent tax.

Appeal from special term, Kings county.

Application for a writ of *mandamus* to Elbert Hegeman, county treasurer of Queens county, to pay John A. Lawrence, collector of school-district No. 2 of the town of Newtown, relator, the amount of a special tax levied in that district for the purchase of a school-house site, returned uncollected. John Lake, who succeeded Lawrence as collector, was afterwards substituted as relator. After trial, a peremptory writ was issued, and defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*B. W. Downing*, for appellant. *M. D. Gould*, for respondent.

BARNARD, P. J. In 1847 the legislature enacted that certain unpaid taxes in school-districts should be paid by the county treasurer. Chapter 480, Laws 1847, §§ 89, 90. This law was amended by chapter 555, Laws 1864, tit. 7, §§ 75-78. The first act embraced only taxes for lands unoccupied by owner or his agent, and without tenants. The law of 1864, § 75, extended the

list of unpaid taxes so as to embrace all non-resident lands. The law of 1883, c. 250, again extended the list so as to include all unpaid taxes on all real estate placed upon the tax-list and delivered to the collector. The collector of taxes in school-district No. 2 of Newtown, of Queens county, failed to collect certain taxes, and make a return thereof to the trustees, as is required by the several laws above specified. The law requires a diligent effort upon the part of collectors to collect the tax, and it also requires an oath from him that he has done so. The county treasurer, on being presented with this return of the collector from the trustee, is bound by the law to pay the unpaid taxes, and to return the list to the board of supervisors, who are bound to assess them upon the several pieces of land on which the school taxes are unpaid, and to reimburse the county in that way, with 7 per cent. additional by way of interest. It plainly appears that the collector of the school-district has not done his duty. He made no real effort to collect the tax, but the county treasurer cannot set that up as a defense to the payment of the unpaid taxes, as required by the law, upon receiving the official returns. There is no proof showing that the tax was in any respect illegal. A tax for a new site for a school-house is legal, even if the designated site could not be conveyed with a good title, as subsequently found on examination. The county treasurer could not refuse on that account to pay the tax. *People* v. *Halsey*, 37 N. Y. 344. The collector for the school-district gave the notice required by law for all persons voluntarily to pay the tax, and the only way now open to the compulsory payment is for the supervisors to assess the tax back on the delinquents, and that cannot be done until the county treasurer follows out the plain requirements of the law. Judgment is therefore affirmed, with costs.